UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THOMAS ALTO,

                                      Plaintiff,        Civil Action No.: 09-CIV-7763(DAB)

        – against –                            DOCUMENT
                                                                     ELECTRONICALLY FILED

HARTFORD LIFE INSURANCE COMPANY and the
GROUP LONG TERM DISABILITY PLAN FOR
EMPLOYEES OF THE HEARST CORPORATION,

                                      Defendants.
------------------------------------------------------------------------X

# DEFENDANTS' MEMORANDUM OF LAW
# IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

                                                                SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                                                **Attorneys for Defendants**
                                                                HARTFORD LIFE INSURANCE COMPANY and the
                                                                GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES
                                                               OF THE HEARST CORPORATION
                                                               125 Broad Street, 39th Floor
                                                               New York, New York 10004-2400
                                                               Telephone: (212) 422-0202
                                                               Facsimile:  (212) 422-0925
                                                               [SDMA File No. 02489-000032]

Of Counsel:

    Michael H. Bernstein
    Elizabeth R. Chesler

NY/581702v1

## **TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS .........................................................................................................1

ARGUMENT:

      POINT I

      THE COURT SHOULD DENY ALTO'S MOTION FOR AN ORDER STRIKING THE DECLARATIONS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ..................................................................................................2

      A.    THE DISTRICT COURT MAY CONSIDER HARTFORD'S SUPPORTING DECLARATIONS REGARDING STEPS TAKEN TO REDUCE CONFLICT OF INTEREST. ......................................................................................................2

      B.    ALTO CANNOT MOVE TO STRIKE THE GULINO AND LUDDY DECLARATIONS UNDER FED. R. CIV. P. 12(F). ......................................................5

CONCLUSION...........................................................................................................................6

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Bendik* v. *Hartford Life Ins. Co.*,
   No. 03-Civ-8138(LAP), 2010 WL 2730465 (S.D.N.Y. July 12, 2010) .................................................................. 4

*Conkright* v. *Frommert*,
   130 S.Ct. 1640 (2010) ............................................................................................................................................. 3

*Fortune* v. *Long Term Group Disability Plan for Employees of Keyspan Corp.*,
   637 F.Supp.2d 132 (E.D.N.Y. 2009) ..................................................................................................................... 4

*McCauley* v. *First Unum Life Ins. Co.*,
   551 F.3d 126 (2d Cir. 2008) ............................................................................................................................. 3, 4

*Metropolitan Life Insurance Co.* v. *Glenn*,
   128 S.Ct. 2343 (2008) ....................................................................................................................................... 2, 3

*Miller* v. *Hartford Life and Accident Ins. Co.*,
   No. 08-cv-2014(RWS), 2010 WL 1050006 (N.D. Ga. Mar. 17, 2010) ......................................................... 4, 5

*Richard* v. *Fleet Financial Group Inc. LTD Employee Benefit Plan*,
   No. 2010 WL 625003, 2010 WL 625003 (2d Cir. Feb. 24, 2010) ...................................................................... 5

*Schnur* v. *CTC Communications Corp. Group Disability Plan*,
   No. 05-cv-3297(RJS), 2010 WL 1253481 (S.D.N.Y. March 29, 2010) ............................................................. 4

**STATUTES**

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA") ..................................... 1

FED. R. CIV. P. 12(f) ........................................................................................................................................... 1, 5

**PRELIMINARY STATEMENT**

Defendants Hartford Life Insurance Company ("Hartford") and the Group Long Term Disability Plan for Employees of the Hearst Corporation ("Hearst") respectfully submit this Memorandum of Law in opposition to Plaintiff Thomas A. Alto's ("Alto") motion pursuant to FED. R. CIV. P. 12(f) to strike the Declaration of Bruce Luddy and ¶¶7-11 of the Declaration of Pina Gulino, both submitted in support of Defendants' Motion for Summary Judgment on June 30, 2010.  These declarations were submitted in support of Defendants' argument that Hartford's structural conflict of interest did not have any impact on its claim decision-making, and therefore, the Court should not give the "conflict of interest" factor any weight in its review of Hartford's decision-making on Alto's long term disability ("LTD") benefit claim under the arbitrary and capricious review standard.  While Plaintiff argues that the Court cannot consider these declarations because they are not part of the administrative record for Plaintiff's claim, that position is legally unsupportable.  Unambiguous precedent in the Second Circuit holds that a claim administrator may provide evidence demonstrating that it was not influenced by a conflict of interest in reaching an adverse benefit determination, even though that proof is outside of the administrative record.  Additionally, FED. R. CIV. P. 12(f) does not provide any basis for Alto to move to strike the declarations, but rather only provides a basis to strike portions of the parties' pleadings.  Consequently, Alto's Motion to Strike the Declarations of Bruce Luddy and Pina Gulino is entirely without merit and should be denied.

**STATEMENT OF FACTS**

This action concerns Alto's claim for LTD benefits under an employee welfare benefit plan sponsored by Hearst (the "Plan") and existing pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA").  Benefits under the Plan were funded by a group policy of insurance issued by Hartford, which also administered benefit claims under the Plan pursuant to a full grant of discretionary authority.  On June 30, 2010, in accord with the Court's January 15, 2010

Scheduling Order (Doc. No. 7), Defendants filed their Motion for Summary Judgment dismissing Alto's Complaint in its entirety on the grounds that its decision denying his claim for continuing LTD benefits was not arbitrary and capricious. As part of their motion, Defendants submitted: (1) the Declaration of Bruce Luddy, Hartford's Director of Litigation and Appeals since 2005, and (2) the Declaration of Pina Gulino, the Hartford Appeals Specialist who was personally involved in the review of Alto's LTD claim on administrative appeal and who rendered Hartford's decision upholding the original decision denying Alto's claim. (*See* Docs. No. 13 and 15).

The Luddy Declaration describes Hartford's internal procedures for processing claims in a manner that ensures a fair and unbiased review of each claim and explains that Hartford's Ability Analysts and Appeal Specialists are not evaluated or compensated based on the number of claims paid or denied and also that Hartford's claims and appeal departments are "walled-off" from its financial and underwriting departments. The Gulino Declaration establishes that these procedures were applied with respect to Alto's claim for LTD benefits, including her statements that she did not consider the financial impact of approving or denying Alto's continuing claim for LTD benefits and that her performance evaluations were based on the accuracy of her decision-making.

## ARGUMENT

### POINT I

**THE COURT SHOULD DENY ALTO'S MOTION FOR AN ORDER STRIKING THE DECLARATIONS SUBMITTED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**A.     THE DISTRICT COURT MAY CONSIDER HARTFORD'S SUPPORTING DECLARATIONS REGARDING STEPS TAKEN TO REDUCE CONFLICT OF INTEREST.**

In *Metropolitan Life Insurance Co.* v. *Glenn*, 128 S.Ct. 2343 (2008)("*MetLife* v. *Glenn*"), the U.S. Supreme Court addressed the issue of whether a structural conflict of interest must be considered by a reviewing court when an insurer both insures the plan and is also granted discretion to make claims

decisions for benefits under the plan.[1]  The Court held that conflict of interest is one of "several different considerations" a court must weigh when reviewing an adverse benefit determination.  *Id.* at 2351.  In his Complaint, Alto specifically cites the Supreme Court's ruling in *MetLife* v. *Glenn*, alleging: "As Hartford both pays plaintiff's LTD benefits, and is also responsible for determining entitlement to the LTD benefits, it operates under an inherent conflict of interests." (Complaint, ¶26).  Alto further alleges that Hartford's reliance on the independent peer review report provided by Dr. Jerome Siegel provides additional evidence of Hartford's purported financial bias. (Complaint, ¶27).  Defendants submitted the Luddy and Gulino Declarations in order to demonstrate that Alto's allegations claiming that Hartford's decision-making was influenced by its conflict of interest are inaccurate and unsustainable.

The Supreme Court's ruling in *MetLife* v. *Glenn*, as well as recent holdings by the Second Circuit, establish that Defendants are entitled to submit proof outside of the administrative record addressing the conflict of interest factor as a separate issue from the underlying claim review on the administrative appeal.  In *MetLife* v. *Glenn*, the Supreme Court recognized that in certain situations, an insurer may be able to reduce or completely eliminate the potential for conflict of interest to influence its decision-making, observing that:

> It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decision[-]making irrespective of whom the inaccuracy benefits.

*Id.* at 2351.

In *McCauley* v. *First Unum Life Ins. Co.*, 551 F.3d 126, 137 (2d Cir. 2008), the Second Circuit first interpreted *Glenn* as permitting courts to accept and consider evidence outside the administrative record on the issue of conflict, including law review articles and other case decisions to ultimately determine

---

[1] In *Conkright* v. *Frommert*, the Supreme Court observed, in reference to *Glenn* that "when the terms of the Plan grant discretionary authority to the [claim] administrator, a deferential standard of review remains appropriate, even in the face of a conflict."  *Conkright* v. *Frommert*, 130 S.Ct. 1640 (2010).

NY/581702v1                                3

whether the defendant had a history of "abusive tactics." Indeed, in *McCauley*, the Second Circuit criticized the insurer's failure to offer any evidence that it had taken steps to reduce potential bias, such as evidence regarding its "internal procedures," and found that its decision-making was "influenced by its conflict of interest." *Id.*

After *McCauley*, declarations similar to the Gulino and Luddy Declarations, which address steps taken by an insurer/administrator to reduce the effect of any potential influence of conflict of interest, have been accepted and considered by courts in order to determine whether conflict of interest considerations actually affected the claim administrator's decision-making or if it had taken active steps to reduce any potential bias to "the vanishing point." In fact, the U.S. District Court for the Eastern District of New York recently considered similar declarations and found them to be persuasive on this point. *See Fortune* v. *Long Term Group Disability Plan for Employees of Keyspan Corp.*, 637 F.Supp.2d 132, 144 (E.D.N.Y. 2009)(relying upon the contents of similar declarations to find that, in light of the efforts taken by Hartford to 'wall-off' its claims examiners from the company's finance department and other steps taken to insure a fair and accurate review process, "the alleged structural conflict of interest carries no weight in the Court's review of Hartford's determination."). The U.S. District Court for the Southern District of New York also considered and found similar declarations informative as to the weight that should be accorded to the conflict of interest factor. *Schnur* v. *CTC Communications Corp. Group Disability Plan*, No. 05-cv-3297(RJS), 2010 WL 1253481, *11 (S.D.N.Y. March 29, 2010 (relying on declarations of the Appeals Team Leader and the Appeals Committee member responsible for handling the claimant's administrative appeal to find that the claims administrator "engaged in the sort of 'walling off' that was appropriate to minimize any potential conflict of interest."). *See also Miller* v. *Hartford Life and Accident Ins. Co.*, No. 08-cv-2014(RWS), 2010 WL 1050006, *5 (N.D. Ga. Mar. 17, 2010); *Bendik* v. *Hartford Life Ins. Co.*, No. 03-Civ-8138(LAP), 2010 WL 2730465, *5 (S.D.N.Y. July 12, 2010)(*citing Fortune* in support of its finding that "the Eastern District has held that as a company Hartford has effectively 'walled-off' claims

examiners from the company's finance department by ensuring that an examiner's compensation is not determined by reference to his or record in denying claims.")(internal quotation marks omitted).

The cases relied upon by Alto in his Motion to Strike the Luddy and Gulino Declarations are inapposite, as neither addresses the admissibility of extra-record evidence with respect to conflict of interest, and instead address the entirely different (and irrelevant) issue of whether parties may supplement the administrative record by submitting additional substantive information pertaining to the medical issues presented during the administrator's review.  *See Richard* v. *Fleet Financial Group Inc. LTD Employee Benefit Plan*, No. 2010 WL 625003, 2010 WL 625003 (2d Cir. Feb. 24, 2010)("Although extra-record evidence might sometimes be admissible to assist procedural inquiries, . . . here [the plaintiff] seeks to introduce extra-record evidence to challenge the Hartford's substantive determination, and it is not admissible for that purpose."); *Miller*, 2010 WL 1050006, *5.  The Declarations of Bruce Luddy and Pina Gulino were submitted for the exclusive purpose of demonstrating, contrary to the allegations in Alto's Complaint, that Hartford's adverse benefit determination was not influenced by a conflict of interest.  Since they do not seek to add to the substantive administrative record, and only address administrative concerns, the Court is permitted to consider these declarations on the conflict of interest issue.

**B.    ALTO CANNOT MOVE TO STRIKE THE GULINO AND LUDDY DECLARATIONS UNDER FED. R. CIV. P. 12(F).**

Plaintiff cannot move to strike the Declarations of Bruce Luddy and Pina Gulino pursuant to FED. R. CIV. P. 12(f).  This rule states that the "court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added).  As Alto is seeking to strike declarations submitted in support of Defendants' Motion for Summary Judgment, and not any portion of the Defendants' Answer, his request for relief cannot be granted under FED. R. CIV. P. 12(f).  Alto has not identified any other Federal Rule of Civil Procedure that provides a basis for the requested relief.

## CONCLUSION

For the foregoing reasons, this Court should deny in all respects Plaintiff's motion to strike the Luddy and Gulino Declarations pursuant to FED. R. CIV. P. 12(f).

Dated: New York, New York
       July 27, 2010

                              Respectfully Submitted,

                              s/
                              MICHAEL H. BERNSTEIN (MB 0579)
                              ELIZABETH R. CHESLER (EC 1981)
                              SEDGWICK, DETERT, MORAN & ARNOLD LLP
                              **Attorneys for Defendants**
                              HARTFORD LIFE INSURANCE COMPANY and
                              the GROUP LONG TERM DISABILITY PLAN
                              FOR EMPLOYEES OF THE HEARST
                              CORPORATION
                              125 Broad Street, 39th Floor
                              New York, New York 10004-2400
                              Telephone: (212) 422-0202
                              Facsimile:  (212) 422-0925

## CERTIFICATE OF SERVICE

I, ELIZABETH R. CHESLER, hereby certify and affirm that a true and correct copy of the attached **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** was served via ECF and regular mail on July 27, 2010, upon the following:

Aba Heiman, Esq. (AH 3728)
FUSCO, BRANDENSTEIN & RADA, P.C.
180 Froehlich Farm Boulevard
Woodbury, New York 11797

s/_____
ELIZABETH R. CHESLER (EC 1981)

Dated:   New York, New York
         July 27, 2010

NY/581702v1