UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS ALTO,

                    Plaintiff,               09-CV-7763 (DAB)(DF)

v.

HARTFORD LIFE INSURANCE COMPANY     PLAINTIFF'S REPLY BRIEF
and the GROUP LONG TERM DISABILITY     IN SUPPORT OF HIS
PLAN FOR EMPLOYEES OF THE                 MOTION TO STRIKE
HEARST CORPORATION,                           PURSUANT TO
                                                           FED.R.CIV.PROC. 12(f)

                    Defendants.

---

       Defendant cites both Glenn v. Metropolitan Life Ins. Co., 128 S.Ct. 2343 (2008) and McCauley v. First UNUM Life Ins. Co., 551 F.3d 126 (2d Cir. 2008) for the proposition that parties may submit evidence outside the ERISA claims record on review by the Court on the peripheral issue of whether the adverse determination of the claims administrator was tainted by a conflict of interests. Plaintiff's position is that the question of whether the decision by Hartford Life Ins. Co. to terminate his long term disability (LTD) benefits was tainted by a conflict of interests is grounds for limited discovery, and that such discovery is inexorably intertwined with any subsequent offer of proof this Court may receive and review outside the claims record. We believe that both Glenn and McCauley are consistent with allowing discovery to determine whether a conflict of interest tainted the final claims determination. That said, in a Notice of Order filed on February 19, 2010 (Document # 9),

1

plaintiff memorialized the discussion during our Rule 16 conference in Chambers on January 15, 2010, and the Scheduling Order which emerged from it, indicating that there would be no discovery in this case. Plaintiff cited <u>Jacoby v. Hartford Life and Accident Ins. Co.</u>, 07-CV-4627, 2008 WL 4361256 (S.D.N.Y. Sept. 24, 2008) (possible conflict of interest defeats motion for summary judgment); 2009 WL 154342 (S.D.N.Y. Jan. 23, 2009) (discovery ordered as to conflict of interests, Jerome Siegel, M.D. involved), because once again we're dealing with Dr. Siegel and Hartford, but to no avail.

In plaintiff's Memorandum in support of this Motion to Strike the Declaration of Bruce Luddy (in its entirety) and paragraphs "7" through "11" of the Declaration of Pina Gulino, he argued that those declarations were self-serving, not subjected to cross-examination, and outside the record before this Court.

Hartford argues in its Opposition brief (p. 3) that it is responding to paragraphs "26" and "27" of plaintiff's Complaint, which allege conflict of interests. Paragraph "26" noted Hartford's inherent conflict of interests in both determining entitlement to benefits and then having to pay benefits where entitlement is established. Paragraph "27" noted Dr. Siegel's involvement and the possible conflict of interests as a result, that is, in <u>Jacoby</u>, 2008 WL 4361256 at * 1, this Court noted that Dr. Siegel is employed by University Disability Consortium ("UDC") and that UDC "as of 2006, derived nearly three quarters of its revenue from defendant" (Hartford). Dr. Siegel was still working for UDC when he wrote the adverse report of April 27, 2009 regarding plaintiff (R 1487).

2

Hartford then uses the Luddy and Gulino Declarations to claim (Opposition at p. 4) that it "walled off" its claims department from its finance department, so there is no "structural" conflict of interests, and cites some cases echoing similar offers of proof. However, even assuming Hartford has "walled off" its claims department from its financial concerns <u>in house</u>, if discovery would show that Hartford repeatedly turns to the same <u>outside</u> medical consultant, and that physician, Jerome Siegel, M.D., works for a company that derives three quarters of its income from Hartford, usually finds claimants insufficiently disabled to qualify for LTD benefits, and that physician earns most of his income by performing non-examining file reviews of Hartford claims, then the "Chinese" or other imaginary wall erected in the impressionistic insurance industry landscape exhibited for viewing in the Declarations of Luddy and Gulino necessarily crumbles. Similarly, unless Gulino's declarations are subjected to cross-examination, we cannot know whether or how often she has previously relied upon Dr. Siegel's opinion in denying or terminating claims.

In advancing the proposition that this Court should consider the Luddy and Gulino Declarations, which Hartford admits are outside the claims record before this Court, in order to show Hartford's adverse decision was not tainted by a conflict of interests, Hartford apparently overlooks that plaintiff's request for discovery on this exact same issue was denied by this Court. It seems to plaintiff, that for Hartford to be allowed to supplement the record on this issue, but for plaintiff to be denied the same opportunity, would be hypocritical. Plaintiff believes that fundamental fairness would require that if this Court

3

allows the Declaration of Bruce Luddy and paragraphs "7" through "11" of the Declaration of Pina Gulino to be considered as evidence that Hartford's claims decision was not tainted by a conflict of interest, then this Court should also allow plaintiff limited discovery on that issue. If such discovery is denied, as it was in the Scheduling Order, then the Motion to Strike should be granted.

Dated: Woodbury, New York
       July 29, 2010

> Yours respectfully,
> Fusco, Brandenstein & Rada, P.C.
> *Attorneys for Plaintiff*
> 180 Froehlich Farm Boulevard
> Woodbury, New York 11797
> (516) 496-0400
>
> By: /s/ _____
>      Aba Heiman, Esq. (AH 3728)

Service via ECF upon:
Michael H. Bernstein, Esq. &
Elizabeth R. Chesler, Esq.
Sedgwick, Detert, Moran & Arnold, LLP
*Attorneys for Defendants*
125 Broad Street, 39th Floor
New York, N.Y. 10004-2400

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS ALTO,

       Plaintiff,   09-CV-7763 (DAB)(DF)

v.             CERTIFICATE OF SERVICE

HARTFORD LIFE INSURANCE COMPANY
and the GROUP LONG TERM DISABILITY
PLAN FOR EMPLOYEES OF THE
HEARST CORPORATION,

       Defendants.

---

   I, Aba Heiman, Esq., hereby certify and affirm that a true and correct copy of the attached PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO STRIKE PURSUANT TO FED.R.CIV.PROC. 12(f) was served via ECF and first class mail on July 29, 2010 upon:

  Michael H. Bernstein, Esq. &
  Elizabeth R. Chesler, Esq.
  Sedgwick, Detert, Moran & Arnold LLP
  Attorneys for Defendants
  125 Broad Street, 39th Floor
  New York NY 10004-2400

Dated: Woodbury, New York
    July 13, 2010

                /s/ Aba Heiman Esq.
                Aba Heiman, Esq. (AH 3728)