UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK____

THOMAS ALTO,

                Plaintiff,         09-CV-7763 (DAB)(DF)

v.                               COUNTERSTATEMENT
                               OF MATERIAL FACTS

HARTFORD LIFE INSURANCE COMPANY
and the GROUP LONG TERM DISABILITY        pursuant to
PLAN FOR EMPLOYEES OF THE           Local Civil Rule 56.1
HEARST CORPORATION,

                Defendants.

_____

       Plaintiff, Thomas Alto, pursuant to Local Civil Rule 56.1(c), submits this

counterstatement of material facts. Only those paragraphs of Defendants' Rule 56.1

Statement of Material Facts with which plaintiff takes issue are identified below. It

should be noted, however, that numerous case notes by Hartford employees which appear

in the proffered record, for example p. 632, some documenting what they recall about

telephone conversations, others reflecting their thoughts or opinions about what medical

records state, etc. are hearsay. Similarly, Hartford obtained a medical review by Elena C.

Antonelli, M.D. in July 2008 (¶ 175), in which she states she spoke with Mr. Alto's

doctors (p. 732) on the telephone. Plaintiff does not admit the truth of such hearsay

allegations or conclusions based upon them, and the Court should not confuse the fact

that something appears in the record with whether such fact is true. Moreover, we

observe that defendants list 293 paragraphs, spanning 41 pages, of what they deem to be

"material" facts, but reads more like a regurgitation of the entire record, for example,

paragraph 87. While it is true that Hartford wrote to Dr. Roca, asked him for records and

1

completion of a form, it's hardly a "material" fact in this case. However, rather than simply deny that the majority of defendants' citations are "material," plaintiff has checked defendants' statements about what the record states for accuracy, and objects, denies, or otherwise responds wherever they are misleading or inaccurate.

67.     Dr. Roca's office (Queens Medical Associates) notes are at pages 1172-1228.

71.     Denied that citation to the record and Complaint support allegation.

72-73. Defendant states that Mrs. Alto was "objecting to Hartford's medical authorization requests," but the note actually says, in pertinent part:

> Spouse then asked about auth., why we needed credit/bank info., spouse stated EE diod not want to sign auth. Advised the only time we would request info from creditors/banks is if we had reason to believe the claimant was not being straight with us, perhaps not providing other income or possibly other employment. Advised EE if they did not agree with the auth., EE could cross out what he did not want us to have access to, however, if the alteration on this auth prevents us from claim mgmt in any manner, we would have every right to term claim.

97.     Dr. Lowell's answers on the Hartford form do not say that Mr. Alto "could not walk or stand at all." The form asks for the number of hours at a time and total hours during a day that Mr. Alto could walk or stand. By answering "0", Dr. Lowell may simply have been indicating that Mr. Alto, in his opinion, was unable to either stand or walk for at least "1" hour.

102.    Denied that citation to the record and Complaint support allegation.

109.    Denied that Dr. Lowell didn't explain why Mr. Alto's ability to sit decreased since his last "PCE" form was completed. Defendants even admit in ¶ 108 that Dr. Lowell writes next to the boxes to be checked off regarding sitting/standing/walking

that Mr. Alto was "very restless" and had "constant pain." Nor does the form indicate that Dr. Lowell must "identify the tests done to arrive at this conclusion," as if that were a requirement for Dr. Lowell to estimate Mr. Alto's functional capabilities.

110.    See response to ¶ 97.

116.    See response to ¶ 109.

123.    Mr. Contello relied upon records and a PCE form from Dr. Lowell to approve LTD benefits beyond the own occupation period into the any occupation period.

130.    As to standing, see response to ¶ 97.

132.    See response to ¶ 109.

136.    The form gives three choices and asks if he can perform the listed activities independently, needs equipment/adaptive devices to perform them, or can't perform them. There's no choice for performing the activities with the assistance of another person. Elsewhere on the form it was stated he needs assistance showering and that his balance is poor. Apparently, Mr. Alto felt the second choice (# 2) was the closest answer.

153.    However, the citation to p. 596 also explains that the reason Mrs. Alto gave for declining authorization for financial investigation was that in 2007 Mr. and Mrs. Alto were victims of identity theft at Chase (bank).

216.    Typo – should be 1584-1673.

228.    See response to ¶ 109.

229.    Should be 1592-1641.

230.    The word "subjective" doesn't appear on either page, so that is a characterization, not an undisputed material fact.

258.   Should be 1496.

260.   Just so we don't "cherry pick" quotes from Dr. Siegel's report, he also continues (1499): "Although the ability to elevate legs during the workday is suggested by Dr. Lowell, I cannot specifically substantiate the need for regular leg elevation during the workday."

276-91   Plaintiff has moved to strike the Declaration of Bruce Luddy because, *inter alia*, it is not part of the record on review, and to date the motion remains pending.

292-93.   Similarly, Plaintiff has moved to strike portions of the Declaration of Pina Gulino and to date the motion remains pending.

Dated: Woodbury, New York
       July 30, 2010

                            Respectfully,

                            Fusco, Brandenstein & Rada, P.C.
                            Attorneys for Plaintiff
                            180 Froehlich Farm Boulevard
                            New York, N.Y. 11797
                            (516) 496-0400

                            By:   /s/ *aaaaaaaaa Esq.*
                                  Aba Heiman, Esq. (AH 3728)