**MANDATE**

11-1563-cv
Alto v. Hartford Life Insurance Co.

N.Y.S.D. Case #
09-cv-7763(DAB)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of June, two thousand twelve,

Present:  ROSEMARY S. POOLER,
          DEBRA ANN LIVINGSTON,
                    *Circuit Judges*,
          BRIAN M. COGAN,[*]
                    *District Judge*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 11, 2012

THOMAS ALTO,

　　　　　　　　*Plaintiff-Appellant*,

　　　　　　　-v-　　　　　　　　　　　　　　　　　　　　　　　11-1563-cv

HARTFORD LIFE INSURANCE COMPANY, GROUP
LONG TERM DISABILITY PLAN FOR EMPLOYEES
OF THE HEARST CORPORATION,

　　　　　　　　*Defendants-Appellees*.

Appearing for Appellant:　　Aba Heiman, Fusco, Brandenstein & Rada, P.C. Woodbury, N.Y.

Appearing for Appellee:　　Michael H. Bernstein, John T. Seybert (of counsel), Sedgwick LLP, New York, N.Y.

　　Appeal from the United States District Court for the Southern District of New York (Batts, *J.*).

---

[*] The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

**MANDATE ISSUED ON 07/11/2012**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Thomas Alto brought an action pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"), appealing the termination by defendants-appellees Hartford Life Insurance Company and Group Long Term Disability Plan for Employees of the Hearst Corporation ("Hartford") of his long-term disability benefits. The United States District Court for the Southern District of New York granted Hartford summary judgment. Alto appeals from that judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"In an ERISA action, we review the district court's grant of summary judgment based on the administrative record *de novo* and apply the same legal standard as the district court." *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009). "Summary judgment is appropriate only where the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002).

"[A] denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). It is undisputed that the plan at issue here vests such full discretion in Hartford, and so the arbitrary and capricious standard applies. "Under the arbitrary and capricious standard of review, we may overturn an administrator's decision to deny ERISA benefits only if it was without reason, unsupported by substantial evidence or erroneous as a matter of law. This scope of review is narrow[;] thus[,] we are not free to substitute our own judgment for that of [the insurer] as if we were considering the issue of eligibility anew." *Hobson*, 574 F.3d at 83-84 (alterations in original, internal quotation marks omitted). The arbitrary and capricious standard applies whether a conflict of interest is established or not. *Metropolitan Life v. Glenn*, 554 U.S. 105, 116 (2008). A "conflict of interest is to be *weighed as a factor* in determining whether there [wa]s an abuse of discretion." *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 128 (2d Cir. 2008) (internal quotation marks omitted, alteration and emphasis in original).

Appellant argues that reversal is warranted based on the district court's denial of appellant's request for discovery into a potential conflict of interest on the part of Dr. Jerome Siegel, a physician hired by Hartford. We reverse a district court's evidentiary rulings only "'when the action taken was improvident and affected the substantial rights of the parties.'" *Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir. 1994) (quoting *In re Surety Ass'n of America*, 388 F.2d 412, 414 (2d Cir.1967)). Because there was substantial evidence for Hartford's decision even in the absence of Dr. Siegel's report, the district court's denial of appellant's discovery request could not have affected appellant's substantial rights.

Upon review of the record and appellant's arguments, we find that there was no genuine issue of material fact about whether the benefits denial was arbitrary and capricious. Hartford's findings were based on substantial evidence, including a review by an independent medical

2

examiner, who noted that Alto's treating physician could not articulate why Alto could not return to sedentary-light physical demand work. The medical examiner also noted the lack of objective evidence supporting Alto's claimed disability. While these conclusions differed from Alto's treating physician's findings, "courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003); *see also Hobson*, 574 F.3d at 88 ("[I]t is not unreasonable for ERISA plan administrators to accord weight to objective evidence that a claimant's medical ailments are debilitating in order to guard against fraudulent or unsupported claims. . . . . [Thus, an administrator] act[s] within its discretion in requiring some objective evidence that [a claimant] was disabled from performing in a sedentary capacity." (internal quotation marks omitted)). While "[p]lan administrators, of course, may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician,"*Black & Decker*, 528 U.S. at 832, where as here, there is no objective evidence of disability and no articulable basis for a finding of a disability by a treating physician, denial of benefits cannot be called arbitrary and capricious. This is particularly true in light of the surveillance video demonstrating Alto's far greater than claimed ability. At a minimum, Hartford's denial was supported by an independent review of the record, lack of objective medical evidence, lack of explanation by Alto's doctor for his determinations that Alto could not work, surveillance video footage indicating greater functionality than Alto claimed, and the ultimate reports of Alto's own physicians that if not for his mental disability, he could return to work. The denial of benefits was not, under these circumstances, arbitrary and capricious.

   We have examined the remainder of appellant's arguments and found them to be without merit.

   Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3